IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| BRIAN HESS,<br>on behalf of himself and the class defined below,<br><br>Plaintiff,<br><br>vs.<br><br>ANDERSON FINANCIAL SERVICES, LLC<br>   D/B/A LOAN MAX, and<br><br>SELECT MANAGEMENT RESOURCES, LLC<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 16 CV _____<br><br>Civil Action No:  3:16-cv-137 (Groh) |

ELECTRONICALLY FILED
Sep 27 2016
U.S. DISTRICT COURT
Northern District of WV

## CONSOLIDATED COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Brian Hess brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Anderson Financial Services, LLC Loan Max, doing business as Loan Max (Defendant "Loan Max"), and Select Management Resources, LLC (Defendant "SMR") (collectively "Defendants"). Plaintiff allege violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

3. Text messages are one type of call for the purposes of the TCPA. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115, para. 165 (2003) (*2003 TCPA Order*).

### VENUE AND JURISDICTION

4. This Court has jurisdiction under 28 U.S.C. §§1331, 1337.

5. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communications were received by plaintiff within this District.

   b. Defendants transact business within this District.

## PARTIES

6. Plaintiff is an individual who resides in the Northern District of West Virginia.

7. Defendant Loan Max is a Virginia limited liability company with its principal place of business in Alpharetta, Georgia.

8. Defendant SMR is a Georgia limited liability company with its principal place of business in Alpharetta, Georgia.

9. Defendant Loan Max is engaged in the business of motor vehicle title lending and uses the mails and telephone to collect consumer debts.

10. Upon information and belief, Defendant SMR is affiliated with Defendant Loan Max and uses of automated equipment to send text messages related to Loan Max loans to consumers.

## FACTS RELATED TO PLAINTIFF

11. On or about April 24, 2015, Plaintiff's friend Beth Markley obtained a loan from Defendant Title Max.

12. On or about May 4, 2015, Plaintiff obtained a loan from Defendant Title Max.

13. Plaintiff incurred the debt for personal, family or household purposes and not for business purposes.

14. Plaintiff's loan was repaid in full.

15. Any text messages related to Plaintiff's loan are not the subject of this action.

16. The terms of the Plaintiff's loan agreement included a section advising consumers "We [Loan Max] use automated telephone dialing, text messaging systems, and electronic mail to provide messages to our customers about payment due dates, missed payments, other important information about their account and commercial messages."

17. The terms also stipulate "You further give us permission to play prerecorded messages or send text messages with information about your account…to these numbers."

18. The consent to such communication does not include communication about third party accounts at numbers provided by or relating to a third party.

19. The provisions regarding permissible subject matter for automated text messages are an enforceable limit on the express consent of Plaintiff to be contacted at a number he provided.

20. Plaintiff provided his telephone number to Defendants during the transaction related to his own loan, not the transaction related to Ms. Markey's loan.

21. At no time did Plaintiff authorize Ms. Markley to grant consent to Loan Max or SRM for either defendant to send text messages about her account to his cellular phone.

22. Between May 23, 2015 and August 5, 2015, Plaintiff received a series of automated text messages on his cell phone from Defendants or a third party acting on behalf of

Defendants. Defendants sent at least the following text messages to Plaintiff about Ms. Markey's account:

    a.    May 23, 2016 at 10:28 AM

    b.    May 25, 2016 at 10:53 AM

    c.    May 27, 2016 at 10:42 AM

    d.    June 1, 2016 at 10:28 AM

    e.    June 3, 2016 at 10:29 AM

    f.    June 23, 2016 at 10:26 AM

    g.    July 6, 2016 at 10:55 AM

    h.    July 8, 2016 at 9:42 AM

    i.    July 10, 2016 at 9:42 AM

    j.    July 13, 2016 at 9:55 AM

    k.    July 15, 2016 at 9:40 AM

    l.    July 17, 2016 at 9:49 AM

    m.    July 20, 2016 at 9:45 AM

    n.    July 24, 2016 at 11:45 AM

    o.    July 27, 2016 at 11:36 AM

    p.    July 29, 2016 at 9:35 AM

    q.    July 31, 2016 at 9:31 AM

    r.    August 3, 2016 at 9:59 AM

    s.    August 5, 2016 at 10:38 AM

23. Each of the text messages began with the text "SELECT MANAGEMENT RESOURCES:" and either the phrase "Loan Max Alert" or "Loan Max Warning."

24. On information and belief, the calls were placed using an automated text messaging system. The system sends text messages without human intervention.

## COUNT I – TCPA

25. Plaintiff incorporates paragraphs 1-22.

26. The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

**(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**

**(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

27. The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

5

> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

28. The right of action provided under 47 U.S.C. §227(b)(3) may also be vindicated in federal district court under 28 U.S.C. §1331.

29. Defendant violated the TCPA by sending automated text messages about a third party's account to Plaintiff's cell phone without his consent.

## CLASS ALLEGATIONS

30. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with cellular numbers in United States (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) received automated text messages from Defendants (d) where Defendant's records do not show that the person consented to receipt of the text message with information about a third party account.

31. The geographic boundaries of the class may be limited based upon what discovery reveals.

32. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 70 members of the class.

33. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendant engaged in a pattern of using automated equipment to send text messages to cellular telephones;

    b. The scope of any consent to receive automated text messages from Defendants;

    c. Whether defendant thereby violated the TCPA;

34. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

35. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

36. Several courts have certified class actions under the TCPA. *Balbarin v. North Star Capital Acquisition, LLC*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D.Ill., January 5, 2011) (cell phone); *Mitchem v. Illinois Collection Serv.*, 09 C 7274, 2011 U.S. Dist. LEXIS 714 (N.D.Ill., January 3, 2011) (cell phone); *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008) (fax); *Hinman v. M & M Rental Ctr.*, 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008) (fax); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D.Wash. 2007) (fax); *Gortho, Ltd., v. Websolv*, 03 CH 15615 (Cir. Ct. Cook

Case 3:16-cv-00137-GMG   Document 1   Filed 09/27/16   Page 8 of 9   PageID #: 8

Co., March 6, 2008) (fax); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004) (fax); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005) (fax); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Okla. Ct. App. 2006) (fax); *Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451, 455 (La. App. 1st Cir. 2007) (fax); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008) (fax); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002) (fax); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003) (fax); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000) (fax).

      37.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against the defendant for:

    (1)    Statutory damages;

    (2)    An injunction against further violations;

    (3)    Costs of suit;

    (4)    Such other or further relief as the Court deems just and proper.

/s/ Stephen G. Skinner
Stephen G. Skinner (WV No. 6725)
SKINNER LAW FIRM
115 E. Washington St.
Charles Town, WV 25414
(304) 725-7029

(304) 725-4082 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Stephen G. Skinner
Stephen G. Skinner (WV No. 6725)
SKINNER LAW FIRM
115 E. Washington St.
Charles Town, WV 25414
(304) 725-7029
(304) 725-4082 (FAX)